UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>MICHAEL FERGUSON,<br><br>       Defendant. | NO. CR-12-0046-JLQ<br><br>**ORDER DECLARING PRELIMINARY ORDER OF FORFEITURE FINAL** |

**BEFORE THE COURT** is the Plaintiff's Motion for Order Declaring the Preliminary Order of Forfeiture Final (ECF No. 57) filed on January 24, 2014 and noted for hearing on February 24, 2014.

On December 12, 2012, the court entered the Preliminary Order of Forfeiture in accordance with 18 U.S.C. § 2253 and Fed.R.Crim.P. 32.2, forfeiting the following assets to the United States, subject to the provisions of 18 U.S.C. § 2253:

Personal Property

(1) eMachine Computer, Serial Number PTNAR0500191089CC9000, and

(2) Seagate Hard Drive, Serial Number 6RX934BD.

(ECF No. 52).

The property is in the custody of the United States, and pursuant to Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, authorized under 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, and Fed.R.Crim.P. 32.2(b)(6)(C), the United States was not required to publish notice of the preliminary order because the forfeitable property is worth less than $1,000.00. *Id*. In addition, as noted in the Preliminary Order of Forfeiture, Defendant stipulated in his Plea Agreement that he was the sole owner of the assets and that no one else has an interest in the assets. Therefore, there are no reasonably identified potential claimants to

ORDER - 1

directly notice. *Id.*

The 60-day time period for filing petitions for the above-described assets, as provided in Fed.R.Crim.P. 32.2(c), Rule G(5) and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 2253, has expired, and no petitions or claims for said assets were filed.

The Government's Motion before the court requests entry of an Order declaring the Preliminary Order final. It is not clear that such an Order is necessary as a separate Final Order becomes necessary only if a third party files a petition asserting an interest in the property. See Fed.R.Crim.P. 32.2(c)(2) ("If no third party files a timely petition, the preliminary order becomes the final order of forfeiture ...."). The Preliminary Order of Forfeiture also states:

> The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed.R.Crim. P. 32.2(c)(2), and Rule G(5), as incorporated by 21 U.S.C. § 853(n)(2) and 18 U.S.C. § 2253, for the filing of third party petitions.

(ECF No. 52). Although it appears the Preliminary Order of Forfeiture has already become the Final Order by operation of the Rules, the court will declare it final as requested by the Government. **ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Court's December 12, 2012, Preliminary Order of Forfeiture (ECF No. 52) is final as to the Defendant and as to any and all other persons or entities; and the assets are hereby forfeited to the United States.

2. The forfeited assets shall be disposed of in accordance with law.

IT IS SO ORDERED. The Clerk is hereby directed to enter this Order and forward copies to counsel, including the Federal Defenders of Eastern Washington, who shall serve a copy of this Order on the Defendant.

DATED this 24th day of February, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2